UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL F.,

               Plaintiff,                 **DECISION AND ORDER**

      v.
                                                      6:23-CV-6261-EAW

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
_____

## INTRODUCTION

Plaintiff Paul F. ("Plaintiff") seeks attorneys' fees in the amount of $8,500.00 pursuant to 42 U.S.C. § 406(b) and substitution of Plaintiff's granddaughter for Plaintiff. (Dkt. 10; Dkt. 13). The Commissioner of Social Security ("the Commissioner") opposes the relief requested. (Dkt. 15). For the reasons below, the Court grants Plaintiff's motions.

## BACKGROUND

On May 11, 2023, Plaintiff filed the instant action, seeking review of the Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB"). (Dkt. 1). On July 14, 2023, the Court approved the parties' stipulation for remand, reversing the Commissioner's final decision and remanding the matter for further proceedings. (Dkt. 7).

By Stipulated Order filed on August 8, 2023, the Court approved payment of $1,041.75 to Plaintiff's counsel pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), for services performed in connection with this action. (Dkt. 9).

- 1 -

On February 13, 2024, the Commissioner issued a Notice of Award in connection with Plaintiff's claim, which stated that the Commissioner withheld $37,085.50 from Plaintiff's past-due benefits to pay for Plaintiff's attorneys' fees.  (Dkt. 10-3 at 2).

On February 20, 2024, Plaintiff moved under 42 U.S.C. § 406(b) seeking $8,500.00 in attorneys' fees.  (Dkt. 10).  In his motion, Plaintiff's counsel indicates that his firm was awarded the sum of $1,641.75 under the EAJA, which he will refund to Plaintiff.  (Dkt. 10-1 at ¶ ¶ 2, 6; Dkt. 10-2 at 3-4).[1]  On April 26, 2024, Plaintiff's counsel filed a motion to substitute Plaintiff's granddaughter for Plaintiff.  (Dkt. 13).  On May 20, 2024, the Commissioner filed a response objecting to the requested relief.  (Dkt. 15).

On May 29, 2024, Plaintiff's counsel filed a motion to hold in abeyance his requests for attorneys' fees under 42 U.S.C. § 406(b) and to substitute pending completion of proceedings pending in Steuben County Surrogate's Court to appoint Plaintiff's granddaughter as representative of Plaintiff's estate.  (Dkt. 16).  On June 13, 2024, the Court granted Plaintiff's motion and instructed counsel to file monthly status updates as to the status of Plaintiff's estate proceedings in Steuben County Surrogate's Court.  (Dkt. 17).  Plaintiff's final status report included an amended request to substitute and award attorneys' fees under 42 U.S.C. § 406(b).  (Dkt. 21).  The Commissioner did not respond to Plaintiff's amended request.

---

[1]  On August 8, 2023, this Court approved the parties' stipulation authorizing payment of $1,041.75 to Plaintiff's counsel under the EAJA.  (Dkt. 9).  However, counsel submits that he instead received $1,641.75 in the EAJA fees.  (Dkt. 10-1 at ¶ 2; Dkt. 10-2 at 3-4).

## DISCUSSION

I.  **Plaintiff's Motion to Substitute Party**

Rule 25(a)(1) of the Federal Rules of Civil Procedure permits substitution of a party for a deceased party if: (1) the claim of a deceased party survives that party's death; (2) the individual seeking to be substituted is a "proper party"; and (3) the motion for substitution is made within "90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a).

A. Survival of Claims

The Act expressly provides that if an individual dies before receiving a Title II underpayment of benefits to which he is entitled, such benefits will be distributed to his survivors according to a statutorily established priority. 42 U.S.C. § 404(d); *see also Perlow v. Comm'r of Soc. Sec.*, No. 10-cv-1661 (SLT), 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010) ("The Social Security Act expressly provides for Plaintiff's Social Security benefits to be paid to his survivors in the event he dies before collecting his underpayments.") (internal citation omitted). Under certain circumstances, such payments can be made to the surviving spouse, the child, the parent of the deceased individual if there is no surviving spouse or child following the death of the deceased individual, or to the legal representative of the estate of the deceased individual. 42 U.S.C. § 404(d); 20 C.F.R. § 404.503(b). Here, Plaintiff's counsel submits that at the time of his death, Plaintiff was not married and was survived by his daughter who was incarcerated, and by Annastashia Marie H., his granddaughter who was substituted to represent Plaintiff's claim at the

administrative level.² (Dkt. 10-1 at ¶ 1; Dkt. 13-3; Dkt. 13-4). Because the Act does not provide for distribution of underpaid benefits to a grandchild of the deceased individual, Plaintiff's granddaughter could be eligible to receive underpayment of Plaintiff's past-due benefits only if she became a legal representative of Plaintiff's estate. In his final status report and amended request to substitute, Plaintiff's counsel submitted a decree issued by Steuben County Surrogate's Court granting probate of Plaintiff's estate to Plaintiff's granddaughter Annastashia Marie H. (Dkt. 21-1). Accordingly, the Court finds that Plaintiff's Title II claim survived his death.

    B. <u>Timeliness of Motion</u>

As to the timeliness of Plaintiff's motion, the Federal Rules of Civil Procedure provide that the motion for substitution may be made within 90 days of "service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). "[C]ourts have construed a motion for substitution to be a notice of death when a party's death is first mentioned in the substitution motion." *Worrell v. Colvin*, No. 1:12-CV-3386(ENV), 2013 WL 3364373, at *1 (E.D.N.Y. July 3, 2013) (citations omitted). Here, Plaintiff's counsel first informed the Court of Plaintiff's death when he filed a motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) on February 20, 2024. (Dkt. 10-1 at ¶ 1). On April 26, 2024, counsel filed Plaintiff's motion to substitute party. (Dkt. 13). Since Plaintiff's motion to substitute party was filed within the ninety-day window the Court finds it timely filed.

---

²     During the administrative proceedings, Plaintiff's counsel indicated that Plaintiff was survived by a daughter, who was incarcerated, and by his granddaughter, Annastashia H., whose mother passed away. (Dkt. 15-1). In his motion for attorneys' fees, counsel appears to misspell the granddaughter's first name. (Dkt. 10-1 at ¶ 1 n.1).

C. Proper Party for Substitution

"A 'proper party' for substitution is either a 'representative of the deceased party's estate' or a 'successor of the deceased party.'" *Perlow*, 2010 WL 4699871, at *2 (citing *Garcia v. City of New York*, No. CV 08-2152(RRM)(MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009)). Courts typically look to state law to determine whether a person is a proper "successor or representative" of the decedent. *Garcia*, 2009 WL 261365, at *1 ("Whether a person is a proper 'successor or representative' of the decedent is determined by New York law."). A "representative is a person who has received letters to administer the estate of a decedent." N.Y. E.P.T.L. § 1-2.13. "A 'successor' of the deceased party is a 'distributee' of the decedent's estate if the estate has been distributed at the time the motion for substitution is made." *Garcia*, 2009 WL 261365, at *1 (internal citations omitted).

Here, Steuben County Surrogate's Court issued a decree granting probate of Plaintiff's estate to Annastashia Marie H. (Dkt. 21-1). Accordingly, the Court is satisfied that she is a proper party for substitution.

II. **Plaintiff's Motion for Attorneys' Fees Under 42 U.S.C. § 406(b)**

A. Timeliness of the Motion

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(1). Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir.

2019). A presumption also applies that a notice is received "three days after mailing." *Id*. at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

Here, the Commissioner issued the Notice of Award on February 13, 2024. (Dkt. 10-3). Plaintiff's counsel filed his original motion seven days later on February 20, 2024. (Dkt. 10). Accordingly, Plaintiff's motion was timely.

B.  The Reasonableness of the Requested Fee

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

A fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney

bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17.  Thus, the Commissioner's failure to oppose the motion is not dispositive.  *Mix v. Comm'r of Soc. Sec*., No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017).  Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney."  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).  Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases."  *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[;]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[;]" (3) "the satisfaction of the disabled claimant[;]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."  *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Plaintiff's counsel seeks $8,500.00 and indicates that this amount is within the statutory 25 percent cap of the total amount of past-due benefits—$148,342.00—awarded by the Commissioner.  (Dkt. 10-1 at ¶ 2).  Utilizing the factors set forth above, the Court

finds that the amount counsel seeks is within the 25 percent statutory cap, and that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. Here, counsel provided effective representation resulting in Plaintiff successfully receiving the benefits sought. There is no reason to believe that Plaintiff's representative is dissatisfied with the outcome of such representation. The success of Plaintiff's claim was uncertain as demonstrated by multiple denials of his application at the agency level. Accordingly, the amount sought by counsel was reasonable in light of the issues presented, the extent and character of representation, Plaintiff's counsel's experience, and the absence of any significant delay in the proceedings caused by counsel.

The requested fee would result in a de facto hourly rate of $1,000.00 ($8,500.00 divided by 8.5 hours). (Dkt. 10-1 at ¶ 6; Dkt. 10-2). The Court finds that neither the de facto hourly rate, nor the overall requested attorneys' fees amount, constitutes a windfall. Even though the hourly rate requested is greater than Plaintiff's counsel's normal hourly rate (Dkt. 10-1 at ¶ 5; Dkt. 10-2 at 1-2), counsel's successful representation of Plaintiff's interests achieved reversal of the Commissioner's decision and remand of Plaintiff's application, ultimately resulting in a favorable decision. (Dkt. 10-5). The effective hourly rate of $1,000.00 falls within the range of rates under § 406(b) approved by courts. *See e.g.*, *Fields,* 24 F.4th at 856 (an effective hourly rate of $1,556.98 was not a "windfall"); *Hennelly v. Kijakazi*, No. 20-CV-4786 (JGK), 2023 WL 3816961, at *2 (S.D.N.Y. June 5, 2023) (an hourly rate of $1,705.16 did not constitute "windfall" to counsel); *Leonard J.H. v. Comm'r of Soc. Sec.*, No. 18-CV-1436-FPG, 2023 WL 2768300, at *4 (W.D.N.Y. Apr. 4, 2023) (an hourly rate of $1,473.77 was not a windfall to counsel) (collecting cases);

*John C. v. Comm'r of Soc. Sec.*, No. 20-CV-99-FPG, 2023 WL 2623584, at *2 (W.D.N.Y. Mar. 24, 2023) (court approved the de facto hourly rate of $1,685.39). Accordingly, in light of the above, the Court finds that the requested fee award of $8,500.00 is reasonable and in line with awards generally approved in this District for similar work performed. The Court is also mindful that "payment for an attorney in a social security case is inevitably uncertain." *Wells*, 907 F.2d at 371. Accordingly, the Second Circuit has "recognized that contingency risks are 'necessary factors' in determining reasonable fees under § 406(b)." *Id.* (quotation marks omitted).

The Court also notes that counsel must return the previously received EAJA fee award of $1,641.75 to Plaintiff. (Dkt. 9; Dkt. 10-2 at 3, 4). *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for substitution (Dkt. 13) is granted to the extent that Annastashia Marie H. is substituted for Plaintiff. The Clerk of Court is instructed to amend the case caption.

In addition, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 10) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel is awarded attorneys' fees in the amount of $8,500.00; and (2) Plaintiff's counsel must refund the previously received EAJA fee of $1,641.75 to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   January 2, 2025
         Rochester, New York